IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DONSHAY FALLS                    )
                                 )
v.                               )     No. 3:14-00325
                                 )     JUDGE CAMPBELL
UNITED STATES OF AMERICA         )


## MEMORANDUM

### I. Introduction

Pending before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or

Correct Sentence (Docket Nos. 1, 26; Docket No. 1 in Case No. 3:14-01437), filed by the

Movant/Petitioner, pro se.[1]  The Government has filed a Response (Docket No. 6) to the Motion.

For the reasons set forth herein, the Petitioner's Motion To Vacate (Docket Nos. 1, 26;

Docket No. 1 in Case No. 3:14-01437) is DENIED, and this action is DISMISSED. As this

Memorandum and Order also disposes of the claims in Case No. 3:14-01437, the Clerk is

directed to close that case.

### II. Procedural and Factual Background

In the underlying criminal case, counsel for the Petitioner filed a pretrial motion seeking

suppression of evidence seized by, and statements Petitioner made to, law enforcement. (Docket

---

[1]   After filing the Motion To Vacate in this case, the Petitioner filed a document entitled
"IAC Motion To Vacate, Set Aside Or Correct" (Docket No. 1 in Case No. 3:14-01437), which
the Clerk filed as a separate case. The Court subsequently entered an Order in that case directing
the Petitioner to file a notice stating whether he intended the filing to be a new case or to be
considered as part of the pending Motion To Vacate in this case. (Docket No. 2 in Case No. 3:14-
01437).  The Petitioner did not file such a notice, but subsequently filed a document in this case
seeking to "amend" and "supplement" his Motion To Vacate. (Docket No. 26).  Thus, the Court
will assume the Petitioner seeks to raise all his claims in this case, and will address all claims
raised by the Petitioner in his filings through this Memorandum and Order.

No. 15 in Case No. 3:10-00283). The Court held an evidentiary hearing on the motion, and

issued a Memorandum And Order (Docket Nos. 22, 28, 31 in Case No. 3:10-00283) denying the

motion. After issuing the decision, the Court granted the Petitioner's request to permit his

counsel, Douglas Thoresen, to withdraw, and appoint new counsel to represent him. (Docket

Nos. 32, 37 in Case No. 3:10-00283). Later that same day, James Kevin Cartwright entered a

Notice of Appearance on behalf of the Petitioner. (Docket No. 38 in Case No. 3:10-00283).

Several months later, the Petitioner entered a conditional plea of guilty to being a

convicted felon in possession of a firearm, while reserving his right to appeal the Court's denial

of his motion to suppress. (Docket Nos. 1, 48, 49 in Case No. 3:10-00283). At the subsequent

sentencing hearing, the Court sentenced the Petitioner to 110 months of imprisonment. (Docket

Nos. 54, 55, 56, 59, 60 in Case No. 3:10-00283).

On appeal, the Sixth Circuit affirmed the Court's denial of the motion to suppress, and

affirmed the Petitioner's sentence. (Docket No. 61 in Case No. 3:10-00283).

## III.  Analysis

### A.  The Petitioner's Claims

The Petitioner claims that his conviction and sentence should be vacated because he

received the ineffective assistance of counsel.

### B.  The Section 2255 Remedy

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to

have their sentence vacated, set aside or corrected.[2]   The statute does not provide a remedy,

---

[2]  28 U.S.C. § 2255 states, in part:

A prisoner in custody under sentence of a court established by Act

2

however, for every error that may have been made in the proceedings leading to conviction. "'To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005)(quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255(b); Ray v. United States, 721 F.3d 758, 761 (6th Cir. 2013); Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Id. Where the same judge considering the Section 2255 motion also presided over the underlying criminal proceedings, the judge may rely on his own recollection of those proceedings. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 1629 n.4, 52 L.Ed.2d 136 (1977); Ray, 721 F.3d at 761.

The Court has reviewed the pleadings, briefs, transcripts, and records filed in Petitioner's underlying criminal case, as well as the pleadings, briefs, and records filed by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

_____

of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

C.  Ineffective Assistance of Counsel

In order to prevail on an ineffective assistance of counsel claim, the burden is on the

Petitioner to show:  (1) trial counsel's performance was not within the range of competence

demanded of attorneys in criminal cases; and (2) actual prejudice resulted from the deficient

performance.  Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674

(1984); Cullen v. Pinholster, 131 S.Ct. 1388, 1403 (2011); Campbell v. United States, 364 F.3d

727, 730 (6th Cir. 2004).

 "The benchmark for judging any claim of ineffectiveness must be whether counsel's

conduct so undermined the proper functioning of the adversarial process that the trial cannot be

relied upon as having produced a just result." Strickland, 104 S.Ct. at 2052; Ludwig v. United

States, 162 F.3d 456, 458 (6th Cir. 1998).  In analyzing trial counsel's performance, the court must

"indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance." Strickland, 104 S.Ct. at 2065.

In order to establish prejudice, the petitioner must demonstrate "a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." Id., at 2068.

Petitioner claims that trial counsel was ineffective for "failure to cite cases that relate to

my own and also stated he could not locate me at the prison I'm currently at." (Docket No. 1, at

p. 4 of 13).  In a subsequent filing, the Petitioner elaborates on the "failure to cite" claim by

stating that Mr. Cartwright failed to cite applicable cases before the Sixth Circuit in seeking to

reverse this Court's suppression ruling. (Docket No. 1 in Case No. 3:14-01437).  Petitioner

argues that the Court's determination that his encounter with the police was consensual was in

error, citing <u>Florida v. Royer</u>, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983) and <u>United States v. Taylor,</u> 917 F.2d 1402 (6th Cir. 1990).

The parties have not filed the brief Mr. Cartwright presented on appeal so the Court is unable to determine whether counsel cited these cases to the Sixth Circuit.[3] Even if Mr. Cartwright failed to cite these cases on appeal, however, the Court is not persuaded that such failure resulted in prejudice to the Petitioner. In <u>Florida v. Royer</u>, <u>supra</u>, relied on by Petitioner, the Supreme Court held that the defendant's consent to a search of his luggage was ineffective because he was being illegally detained at the time he gave the consent. In concluding that the defendant was illegally detained, the Court pointed out that the police conducted a legitimate investigative stop of the defendant in an airport because he fit the profile of a drug courier, "but when the officers identified themselves as narcotics agents, told Royer that he was suspected of transporting narcotics, and asked him to accompany them to the [closet-sized] police room, while retaining his ticket and driver's license and without indicating in any way that he was free to depart, Royer was effectively seized for the purposes of the Fourth Amendment." 460 U.S. at 502.

The facts in the Petitioner's underlying criminal case are distinguishable from those involved in <u>Royer</u>. In the Petitioner's case, the officers, in response to a call reporting the clicking of weapons in a high-crime area, approached the Petitioner and asked to speak to him. (Docket Nos. 31, 61 in Case No. 3:10-00283). After engaging the Petitioner in conversation, the officers received consent for a pat-down search, and found a weapon in the Petitioner's

---

[3] The Court notes, however, that Mr. Thoresen cited the <u>Taylor</u> case in one of the two briefs he filed in this Court in support of the suppression motion. (Docket No. 18, at 1 in Case No. 3:10-00283).

waistband. (Id.) This Court and the Sixth Circuit determined that the Petitioner's consent was given during a consensual encounter because the Petitioner was not ordered to stop and talk to the officers, and the officers did not display their weapons or physically restrain the Petitioner from leaving. (Id.) The Sixth Circuit set out the applicable law regarding consensual encounters in reaching its decision, and counsel's citation of Royer, which involved a clearly different set of facts, would not have led the appeals court to reach a different decision.

In the Taylor opinion cited by Petitioner, 917 F.2d 572, a Sixth Circuit panel reversed a lower court, and held that officers seized the defendant after he deplaned a flight by grabbing him and positioning themselves so that he could not pass while asking him a barrage of questions. After the panel opinion was issued, the en banc court vacated the opinion, and issued an opinion affirming the lower court. United States v. Taylor, 956 F.2d 572 (6th Cir. 1992). In determining that the defendant was not seized, the en banc court relied on the district court's credibility assessments and factual findings that the defendant's initial encounter with police was consensual, and that the defendant, thereafter, consented to a search of his bag. 956 F.2d at 578.

The Court is not persuaded that counsel's citation of the vacated Taylor panel opinion in the Petitioner's case would have led the appeals court to reach a different decision. Accordingly, the Court concludes that the "failure to cite" claim is without merit.

As for Petitioner's claim that counsel could not locate his place of incarceration, he has failed to articulate facts regarding when this failure allegedly occurred, and has failed to identify whether the "counsel" to whom he is referring is Mr. Cartwright or Mr. Thoresen. In any event, Petitioner has failed to demonstrate that such a failure to visit him at his place of incarceration resulted in specific prejudice to him. See, e.g., McConnell v. United States, 162 F.3d 1162, 1998

WL 552844 (6th Cir. Aug., 10, 1998)(Conclusory, unsupported allegations are legally insufficient to support a motion to vacate.). Accordingly, the Court concludes that this claim is also without merit.

## IV. Conclusion

For the reasons set forth herein, the Court concludes that the Petitioner's Motion To Vacate should be denied, and this action dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE